UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCINA M. TAYLOR,

    Plaintiff,

vs.

Case No. 20-CV-12803

HON. GEORGE CARAM STEEH
MAG. JUDGE DAVID R. GRAND

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (ECF No. 20), DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 16) AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 19)

Plaintiff Marcina M. Taylor challenges defendant Commissioner of Social Security's denial of her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income under the Social Security Act ("Act"). Before the court are cross motions for summary judgment, which were referred to the magistrate judge for a report and recommendation. On December 27, 2021, Magistrate Judge Grand issued a report and recommendation ("R&R) (ECF No. 20) recommending that defendant's motion for summary judgment (ECF No. 19) be granted, plaintiff's motion for summary judgment (ECF No. 16) be denied, and the Commissioner's

- 1 -

decision be affirmed.  The court has reviewed the file, record, magistrate judge's R&R, as well as plaintiff's timely objections and defendant's response.  For the reasons set forth below, the court accepts and adopts the magistrate judge's R&R.

## STANDARD OF LAW

"A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*. A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g).  Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.*  The court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

ANALYSIS

Following an administrative hearing, the ALJ determined that plaintiff is not disabled under the Act. The ALJ determined that plaintiff is unable to perform her past relevant work, but that other work exists in the national economy that plaintiff can perform. The magistrate judge found the ALJ's conclusion to be supported by substantial evidence. Plaintiff makes two objections to the magistrate judge's R&R. The Court will address each objection; however, it will not reconsider the arguments made by plaintiff in her initial brief to the magistrate judge and reargued again here. *Combs v. Comm'r of Soc. Sec.*, No. 18-10930, 2019 WL 1253423, at *3 (E.D. Mich. Mar. 19, 2019).

I.   Objection No. 1

The first objection relates to the magistrate judge's review of the ALJ's assessment of plaintiff's mental residual functional capacity ("RFC"). Plaintiff argues that the magistrate judge misapplied the "substantial evidence" standard of review by upholding the ALJ's findings on the ground that they were "plausible." Plaintiff contends that the magistrate judge failed to determine if there was a "accurate and logical bridge" between the evidence in the record and the ALJ's findings, rather than just upholding unsupported and unexplained inferences. To the contrary, the magistrate

judge thoroughly considered whether the evidence presented to the ALJ constituted "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Regarding the specific issue of the ALJ's reliance on plaintiff's history of conservative mental health treatment, plaintiff argued to the magistrate judge that "an absence of mental health treatment . . . should not be a determinative factor in assessing mental impairments." (ECF No. 16, PageID. 642). Plaintiff asserts that the magistrate judge misconstrued when to apply the exception to the general rule that "[i]n the ordinary course, when a claimant alleges [symptoms] so severe as to be disabling, there is a reasonable expectation that the claimant will seek examination or treatment," such that "[a] failure to do so may cast doubt on a claimant's assertions of disabling [symptoms]." *Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 846 (6th Cir. 2004). Based on the record, the magistrate judge concluded that the ALJ reasonably found that plaintiff had the mental ability to attend her doctor's appointments. Furthermore, the magistrate judge agreed with plaintiff, finding that "the ALJ identified numerous other factors that he evaluated . . . and, as such, he did not suggest that [Plaintiff's]

conservative mental health treatment was 'determinative.'" (ECF No. 20, PageID.700).

The court overrules plaintiff's first objection.

II.     Objection No. 2

Plaintiff's second objection is that the magistrate judge similarly applied the wrong standard in reviewing the ALJ's assessment of her physical RFC. For the reasons given above, the court overrules plaintiff's second objection.

## CONCLUSION

IT IS ORDERED that the court ACCEPTS and ADOPTS the magistrate judge's R&R (ECF No. 20).

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment (ECF No. 19) is GRANTED, plaintiff's motion for summary judgment (ECF No. 16) is DENIED, and plaintiff's objections (ECF No. 21) are OVERRULED.

Dated:  January 31, 2022

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE